IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

SIMBI KESIYI WABOTE,                    )
Plaintiff/Counterclaim Defendant.       )
                                        )
v.                                      )    C.A.  5:21-cv-02214-JFL
                                        )
JACKSON UDE,                            )
Defendant/Counterclaim Plaintiff.       )

**DEFENDANT'S [PLAINTIFF IN COUNTERCLAIM] MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFF'S [DEFENDANT IN COUNTERCLAIM] COMPLAINT AND CLAIMS.**

/s/ Benneth O. Amadi
Benneth O. Amadi, Esquire
204 Blossom St. Ext., Suite A
Lynn, MA 01901
bamadilaw@verizon.net
Tel: (781) 581-5144
Fax: (781) 581-5145

1

## TABLE OF CONTENTS

STATEMENT OF FACTS ……………………………………………………6

STATEMENT OF QUESTIONED INVOLVED…………………………………..7

SUMMARY OF ARGUMENT……………………………………………….8

ARGUMENT……………………………………………………………9

A.      Plaintiff's Complaint and Claims should be dismissed because this
        Court Lacks Subject Matter Jurisdiction Over Plaintiff's Claims………………9

(ii).   28 U.S.C. Section 1332(a)(2) Upon Which Plaintiff improperly hinges His claim
        for Subject Matter Jurisdiction Neither provides for, nor grants, Extraterritorial
        Jurisdiction to this Court. Plaintiff's Claims Should Therefore be Dismissed
        Because the alleged Causes of action occurred in Nigeria, a foreign country in
        Africa and Not in this Forum……………………………………………………11

(iii).  The Basis of Subject Matter Jurisdiction in this Court is the Alien Tort
        Statute - 28 U.S.C. Section 1350, However, the Plaintiff Did Not
        Plead this  Statute. It should therefore be dismissed………………………13

B.      Plaintiff's Complaint and Claims Should also be dismissed because Venue is
        improper in this Court Since the Defendant's alleged conducts were Not
        Aimed at this forum, and did not affect this forum……………………………14

C.      Plaintiff's Claims should also be dismissed since this Court lacks Personal
        Jurisdiction Over the Defendant because there is no Connection Between
        this Forum and the Plaintiff's Specific Allegations and Claims in this Case.
        Defendant's residence in [general connections with] the forum is Not
        enough for this Court to Assume Jurisdiction in this case………………………17

D.      Plaintiff's Complaint and Claims Should be dismissed Based on
        Forum Non conveniens……………………………………………………20


E.      Plaintiff's Complaint has not Stated any Claim upon which this
        Court may Grant Relief. It Should therefore be Dismissed pursuant
        to Rule 12(b)(6)………………………………………………………21

CONCLUSION…………………………………………………………24

CERTIFICATE OF NON-CONCURRENCE…………………………………..25

CERTIFICATE OF SERVICE………………..…………………………..25

# TABLE OF AUTHORITIES

## Cases

281 Care Committee v. Arneson, 638 F.3d 621, 627 (8th Cir. 2011)………………10,12

American Banana Company v. United Fruit Company, 213 US. 347, 357…………..11

Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937,
173 L. Ed. 2d 868 (2009)………………………………………………………………23

Bell Atl. Corp. v. Twombly, 550
U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)…………………………23,24

Best Med. Int'l, Inc. v. Accuray, Inc., No. 2:10- CV-1043,
2011 WL 860423, at *6 (W.D. Pa. Mar. 9, 2011)……………………………………..24

Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S.F. Cty.,
137 S.Ct. 1773, 1781 (2017)………………………………………………………………17

Burger King Corp., 471 U.S. at 474………………………………………………15,18

Calder v. Jones, 465 U.S. 783 (1984)…………………………………………………..15,19

EEOC v. Arabian American Oil Co., 499 U.S. 244, 248,
111 S.Ct. 1227, 113 L.Ed.2d 274 (1991)………………………………………………12

Ex parte McCardle, 74 U.S. (7 Wall) 506, 513 (1868)…………………………………10

Fatouros v. Lambrakis, 627 F. App'x 84, 86-87 (3d Cir. 2015)…………………………17

Garg v. Winterthur, 2007 WL 136263 (S.D.N.Y. 2007)………………………………..15

Goldstein v. Hard Rock Café International (USA) 2012 WL 13035390
(U.S.D.C., M.D., Florida)……………………………………………………………………20

IMO Industries, Inc. v. Kiekert AG, 155 F.3d 254,
261 (3d Cir. 1998)……………………………………………………………15,16,19,23

Kiobel v. Royal Dutch Petroleum Co., 569 U. S. 108 (2013)…………………………13

Leon v. Millon Air, Inc., 251 F.3d 1305, 1311 (11th Cir. 2001)………………………20

Machulsky v. Hall, 210 F.Supp. 531, 542 (D.N.J. 2002)……………………………..18

Marks v. Alfa Group, 369 F. App'x 368, 370 (3d Cir. 2010)………………15,16,18,19.23

Marten v. Godwin, 499 F.3d 290, 297 (3d Cir. 2007)………………………..15,18,19,23

Menkowitz v. Pottstown Memorial Medical Center,
1999 WL 410362 *3 (E.D.Pa.1999)……………………………………………………24

Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 330 (3d Cir. 2009)………..15,17,18

Microsoft v. AT & T Corp., 550 U.S. 437, 454,
127 S.Ct. 1746, 167 L.Ed.2d 737 (2007)…………………………………………………12

 Milliken v. Pratt, 125 Mass. 374, 28 Am. Rep. 241…………………………………10

Mitrano v. Hawes, 377 F.3d 402, 405 (4th Cir. 2004)…………………………………..14

Morrison v. National Australia Bank, Ltd., 561 U.S. 247,
130 S.Ct. 2869, 2878, 177 L.Ed.2d 535 (2010)…………………………………………11

Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)………………………22

Phillips v. Eyre, L. R. 4 Q. B. 225, 239, L. R. 6 Q. B. 1, 28)…………………………...11

Piper Aircraft Co., 454 U.S. at 241 n.6……………………………………………………21

Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 368 (3d Cir. 2002)……………………..17

Pool & Spa Enclosures, LLC v. Aqua Shield, Inc.,
No. 16-3418, 2016 WL 7325476, at *3 (D.N.J. Dec. 16, 2016)…………………………18

Remick v. Manfredy, 238 F.3d 248, 259 n.2 (3d Cir. 2001)…………………………16,18

Rice Contracting Corp. v. Callas Contractors, Inc.,
No. 1:08cv1163, 2009 U.S. Dist. LEXIS 3, 2009 WL
21597, at *1 (E.D. Va. Jan. 2, 2009)……………………………………………………14

RJR Nabisco v. Inc. v. European Community
579 U. S., at 337……………………………………………………………………………13

Schanou v. Lancaster Cnty. Sch. Dist. No. 160,
62 F.3d 1040, 1045 (8th Cir. 1995)……………………………………………………10,12

Slater v. Mexican Nat. R. Co. 194 U. S. 120, 126,
48 L. ed. 900, 902, 24 Sup. Ct. Rep. 581………………………………………………..10

Smith v. Am. Gen. Life & Accident Ins. Co.,
337 F.3d 888, 892 (7th Cir. 2003)……………………………………………………11

Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998)…………………..10

Sucampo Pharmaceuticals, Inc v. Astellas Pharma, Inc.,
471 F.3d 544, 549-50 (4th Cir. 2006)……………………………………………………14

Tif Ltd. v. Republic of Ghana, 692 F.Supp. 393 (D.NJ 1988)………………………10

## **Statutes**

28 U.S.C. Section 1332(a)(2)……………………………………………………7,10,11,14

28 U.S.C. Section 1391(b)(1)……………………………………………………………7,14

28 U.S.C. § 1391(b)(2)……………………………………………………………………14

28 U. S. C. §1350………………………………………………………………..7,13,22

Fed.R.Civ.P. 8(a)(2)………………………………………………………………....9

Fed.R.Civ.P. 12(b)(1)………………………………………………………………...9

Fed.R.Civ.P. 12(b)(2)………………………………………………………………...9

Fed.R.Civ.P. 12(b)(3)………………………………………………………………...9

Fed.R.Civ.P. 12(b)(6)…………………………………………………………….8,9,22,23

Fed.R.Civ.P. 12(h)(3)…………………………………………………………...10,12,14

## STATEMENT OF FACTS

Plaintiff's suit was primarily filed with the ulterior purpose of harassing, intimidating, humiliating and instilling fear in the defendant and causing him to incur unnecessary costs and attorneys' fees. Plaintiff's complaint contains contradictory factual allegations and deliberate misrepresentations aimed at raining insults, name callings and ad hominem against the defendant.

Plaintiff, Simbi Kesiyi Wabote, is an Alien, a Nigerian politician and a member of the political party in control of the government of Nigeria. Plaintiff was given the position of the Executive Secretary of the Nigerian Content Development and Monitoring Board (NCDMB) to compensate for his membership of the ruling political party.

From the allegations in his complaint, plaintiff does not reside in this forum. He does not have any link or connection with this forum. Plaintiff is an Alien, citizen and resident of Nigeria, Africa. See page 2, line 5of the Plaintiff's Amended Complaint, Dkt. #3. The alleged causes of action in this case, internet libel/defamation, allegedly occurred in Nigeria, a foreign county in Africa. Plaintiff allegedly suffered all his injuries or damages in Nigeria. Plaintiff's prospective witnesses are also resident in Nigeria. Plaintiff tacitly admits this court's lack of jurisdiction by impermissibly applying for the application of Nigerian laws and cases instead of the laws of this jurisdiction. See p.8 of the Complaint (Dkt. #3). This suit is in the wrong forum and should be dismissed.

There is no allegation in the plaintiff's complaint that the alleged internet or website defamation occurred in this forum or in the United States of America. There is also no allegation that any of the alleged publications was directed at, or focused on, this forum. There is also no allegation that plaintiff suffered any of his alleged injuries in this

forum. Additionally, all of the plaintiff's alleged witness reside in Nigeria, Africa, where this plaintiff allegedly suffered his injuries and damages.

Venue is not proper in this forum. This court also does not have subject matter jurisdiction over plaintiff's claims; and does not have personal jurisdiction over the defendant. Plaintiff's generic and non-specific allegation that there is subject matter jurisdiction pursuant to 28 U.S.C. Section 1332(a)(2); personal jurisdiction and venue pursuant to 28 U.S.C. Section 1391(b)(1), is misleading. See page 2, paras. 7, 8 and 9 of plaintiff's complaint, Dkt. #3.  Besides, the plaintiff admits and tacitly acknowledges that this court has no jurisdiction. He has therefore impermissibly applied that this court should apply Nigerian laws to this case. See page 8 of the Amended complaint, (Dkt. #3).

Plaintiff's complaint is frivolous and an abuse of the process of this court. Plaintiff is also acting in negligence. Defendant has therefore counterclaimed against the plaintiff. Defendant moves for the dismissal of the plaintiff's complaint.

## STATEMENT OF THE QUESTIONS INVOLVED.

(i).     Whether plaintiff's complaint should not be dismissed by this court on the basis of lack subject matter jurisdiction over the plaintiff's claims?

(ii).    Whether 28 U.S.C. Section 1332(a)(2) upon which plaintiff hinges his claim for subject matter jurisdiction entitles this court to exercise extraterritorial jurisdiction over the plaintiff's alleged causes of action, injuries and claims that arose in the foreign country of Nigeria, Africa, outside this forum and outside this country?

(iii).   Whether the plaintiff is not an alien; and whether the plaintiff's current tortious causes of action and claims that arose outside of this forum and outside of this country do not fall under the Alien Tort Statute - 28 U.S.C. Section 1350?

(iv).    Whether venue is proper in this forum or in this jurisdiction for the plaintiff's claims since the defendant's conducts were not alleged to have occurred in this forum; were not alleged to have been aimed or directed at this forum; did not affect this forum; and plaintiff did not suffer any of his alleged injuries in this forum?

(v).     Whether this court has personal jurisdiction over the defendant since plaintiff's complaint alleges no connection between this forum and the plaintiff's alleged causes of action and his alleged sufferings?

(vi).    Based on the factual allegations in the plaintiff's complaint, whether it is not proper to dismiss plaintiff's complaint and claims on the basis of forum non conveniens so that this plaintiff can properly litigate his alleged claims in the proper forum, Nigeria, Africa?

(vii).   Whether the generic allegations in the plaintiff's complaint, their lack of specificity and failure to plausibly allege facts connecting defendant's alleged publications, their effects or the causes of action to this forum, not reasonable bases to dismiss plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(6).

## <u>SUMMARY OF ARGUMENT</u>

This Court is not the proper forum for the plaintiff's present suit. Plaintiff, Simbi Kesiyi Wabote, is an Alien, a Nigerian, an African country. From the allegations in his complaint, plaintiff does not reside in this forum. He does not have any link or connection with this forum. The alleged causes of action in this case, internet libel/defamation, allegedly occurred in Nigeria, a foreign county in Africa. Plaintiff allegedly suffered all his injuries or damages in Nigeria. Plaintiff's prospective witnesses are also resident in Nigeria. Plaintiff tacitly admits this court's lack of jurisdiction by impermissibly applying for the application of Nigerian laws and cases instead of the laws of this jurisdiction. See p.8 of the Complaint (Dkt. #3). This suit is in the wrong forum, venue I this court is also improper. It should therefore be dismissed.

There is no allegation in the plaintiff's complaint that the alleged publications occurred in this forum or in the United States of America. There is also no allegation that any of the alleged publications was directed at, affected, or was focused on, this forum. There is also no allegation that plaintiff suffered any of his alleged injuries in this forum. Additionally, all of the plaintiff's alleged witnesses reside in Nigeria, Africa,

where this plaintiff allegedly suffered his injuries and damages. The plaintiff's complaint

should therefore be dismissed for lack of subject matter jurisdiction in this court,

Fed.R.Civ.P. 12(b)(1); or for lack of personal jurisdiction, Fed.R.Civ.P. 12(b)(2); or

dismissed for failure to state any claim upon which this court may grant relief,

Fed.R.Civ.P. 12(b)(6); or for improper venue, Fed.R.Civ.P 12(b)(3); or on the basis of

forum non conveniens; or on the basis of nay other reason that this court deems fit and

appropriate.

## **ARGUMENT**

**A.**     **Plaintiff's Complaint and Claims should be dismissed because this Court
Lacks Subject Matter Jurisdiction Over Plaintiff's Claims.**

Plaintiff's causes of action are based on alleged website or internet libel or

defamation. The plaintiff is an Alien, a resident and native of the Federal Republic of

Nigeria. Neither Plaintiff nor any of his alleged causes of action or injuries has any link

and/or connection with this forum. There is also no allegation that the alleged defamatory

publication was made in this forum or directed at this forum. The complaint does not

even allege that the alleged defamatory publication has any effect on this forum. Rather,

all the allegations in the plaintiff complaint are focused on Nigeria, a foreign country in

Africa. Plaintiff's alleged injuries were suffered in Nigeria, where his alleged witnesses

are. There is no connection between this forum and the plaintiff, his causes of action, his

injuries and anything about allegations in his complaint. This court therefore lacks

subject matter jurisdiction over plaintiff's claims. **The complaint and claims should
 be dismissed because this court cannot exercise extraterritorial jurisdiction over
plaintiff's claims that he alleges occurred in Nigeria, a foreign country in Africa.**

"Without jurisdiction a court cannot proceed at all in any cause. Jurisdiction

is the power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) (quoting Ex parte McCardle, 74 U.S. (7 Wall) 506, 513 (1868)). Plaintiff's case should therefore be dismissed.

The subject matter jurisdiction must be determined prior to other matters, including venue. Tif Ltd. v. Republic of Ghana, 692 F.Supp. 393 (D.NJ 1988). ." Thus, the issue of subject-matter jurisdiction is one that must be addressed by the Court, even without a motion by the defendant. This is fundamentally preliminary. Fed.R.Civ.P. 12(h)(3) clearly provides that if "the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action

It is submitted that "a party invoking federal jurisdiction has the burden of establishing that he has the right to assert his claim in federal court." 281 Care Committee v. Arneson, 638 F.3d 621, 627 (8th Cir. 2011) (citing  Schanou v. Lancaster Cnty. Sch. Dist. No. 160,  62 F.3d 1040, 1045 (8th Cir. 1995)). But the plaintiff in this case does not allege any specific facts establishing that he has the right to assert jurisdiction in this forum. This case should therefore be dismissed in the interest of justice. Plaintiff's mere generic assertion on p.2, para. 7 of his complaint that "this court has original subject matter jurisdiction pursuant to 28 U.S.C. Section 1332(a)(2)," is too generic, deficient, and lacking in specificity. By the facts alleged in the plaintiff's complaint, all the alleged acts occurred in Nigeria, a foreign country, and not in this forum.

The general rule is that the character of an act as lawful or unlawful must be determined wholly by the law of the country where the act is done. Slater v. Mexican Nat. R. Co. 194 U. S. 120, 126, 48 L. ed. 900, 902, 24 Sup. Ct. Rep. 581; Milliken v.

Pratt, 125 Mass. 374, 28 Am. Rep. 241. For another jurisdiction, if it should happen to lay hold of the actor, to treat him according to its own notions rather than those of the place where he did the acts, not only would be unjust, but would be an interference with the authority of another sovereign, contrary to the comity of nations, which the other state concerned justly might resent. American <u>Banana Company v. United Fruit Company</u>, 213 US. 347, 357 (quoting <u>Phillips v. Eyre</u>, L. R. 4 Q. B. 225, 239, L. R. 6 Q. B. 1, 28). Plaintiff's suit should therefore be dismissed for  of subject matter jurisdiction.

A federal court "has an independent obligation to satisfy itself that federal subject matter jurisdiction exists before proceeding to the merits in any case." <u>Smith v. Am. Gen. Life & Accident Ins. Co</u>., 337 F.3d 888, 892 (7th Cir. 2003). This court does not have subject matter jurisdiction in this case. Plaintiff's complaint should be dismissed because it cannot exercise extraterritorial jurisdiction over plaintiff's claims.

**(ii).   <u>28 U.S.C. Section 1332(a)(2) Upon Which Plaintiff improperly hinges His claim for Subject Matter Jurisdiction Neither provides for, nor grants, Extraterritorial Jurisdiction to this Court. Plaintiff's Claims Should Therefore be Dismissed Because the alleged Causes of action occurred in Nigeria, a foreign country in Africa and Not in this Forum.</u>**

28 U.S.C. Section 1332(a)(2) upon which this plaintiff bases his claim to subject matter jurisdiction does not apply extraterritorially, and cannot vest this Court with subject matter jurisdiction in this case. The complaint should therefore be dismissed.

28 U.S.C. Section 1332(a)(2) does not apply extraterritorially. It does not give any clear indication of an extraterritorial application. The presumption against extraterritorial application of a statute therefore applies even to 28 U.S.C. Section 1332(a)(2). That presumption or canon of statutory construction provides that "[w]hen a statute gives no clear indication of an extraterritorial application, it has none," <u>Morrison</u>

v. National Australia Bank, Ltd., 561 U.S. 247, ---- 130 S.Ct. 2869, 2878, 177 L.Ed.2d
535 (2010). This clearly reflects the "presumption that United States law governs
domestically but does not rule the world," Microsoft v. AT & T Corp., 550 U.S. 437, 454,
127 S.Ct. 1746, 167 L.Ed.2d. 737 (2007). This presumption "serves to protect against
unintended clashes between our laws and those of other nations which could result in
international discord." EEOC v. Arabian American Oil Co., 499 U.S. 244, 248, 111 S.Ct.
1227, 113 L.Ed.2d 274 (1991).  Plaintiff's complaint should therefore be dismissed
because this court lacks extraterritorial jurisdiction to hear his claims that allegedly
occurred in Nigeria, Africa.

Curiously, plaintiff has tacitly admitted that jurisdiction resides with the Nigerian
Courts. However, he is desperately, impermissibly and disingenuously pleading with this
court to apply Nigerian laws to his claims. See page 8 of plaintiff's complaint. But the
plaintiff does not honestly inform this court why he should not institute his action in the
proper jurisdiction, the Nigerian Courts, where the alleged causes of action occurred,
where he resides, where he allegedly suffered his injuries, and where his witnesses reside.
Dismissal is therefore mandated. **Plaintiff is acting with veiled and ulterior motive.**

A party invoking federal jurisdiction has the burden of establishing that he has the
right to assert his claim in federal court. 281 Care Committee v. Arneson, 638 F.3d 621,
627 (8th Cir. 2011) (citing Schanou v. Lancaster Cnty. Sch. Dist. No. 160, 62 F.3d 1040,
1045 (8th Cir. 1995)). In the present case, the factual allegations in the plaintiff's
complaint fail to establish this. It should therefore be dismissed. Fed. R. Civ. P. 12(h)(3),
clearly mandates that if "the court determines at any time that it lacks subject-matter
jurisdiction, the court must dismiss the action." (emphasis added).

**(iii).** **The Basis of Subject Matter Jurisdiction in this Court is the Alien Tort Statute - 28 U.S.C. Section 1350. However, the Plaintiff Did Not Plead this Statute. It should therefore be dismissed.**

Plaintiff is an alien. He is a citizen of the Federal Republic of Nigeria. The Alien Tort Statute (ATS) gives federal courts jurisdiction to hear civil actions filed by aliens. 28 U. S. C. §1350, such as this. The ATS does not apply extraterritorially.  Kiobel v. Royal Dutch Petroleum Co., 569 U. S. 108 (2013). Courts thus cannot give "extraterritorial reach" to any cause of action under the ATS. Id., at 117–118. Where the statute, as in this case, does not apply extraterritorially, plaintiff must establish that "the conduct relevant to the statute's focus occurred in the United States." RJR Nabisco, 579 U. S., at 337.

The ATS provides jurisdiction to hear claims brought "by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States." 28 U. S. C. §1350. In the present case, the plaintiff alleges that the laws of Nigeria were violated; that the violation alleged occurred in Nigeria; that he allegedly suffered his losses in Nigeria, where his witnesses are, but he somehow wants the United States federal district court to assume jurisdiction, for yet undisclosed reasons. Plaintiff is therefore not properly before this court. His claims should be dismissed because jurisdiction is not in this forum.

In this case, the Plaintiff improperly seeks extraterritorial application of the ATS. But where a statute, such as the ATS, as in the present case, does not apply extraterritorially, plaintiff must establish that "the conduct relevant to the statute's focus occurred in the United States. . . even if other conduct occurred abroad." RJR Nabisco, Inc. v. European Community, 579 U. S. 325, 337. However, none of the alleged conducts in the plaintiff's complaint occurred in this forum. All the alleged conducts occurred abroad, in Nigeria, a foreign country. This case should therefore be dismissed because

jurisdiction is not proper with this court.

**B.**   **Plaintiff's Complaint and Claims Should also be dismissed because Venue is improper in this Court Since the Defendant's alleged conducts were Not Aimed at this forum, and did not affect this forum.**

The plaintiff's complaint should be dismissed for improper venue Under Rule 12(b)(3). Plaintiff's generic allegation that "venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2)," is misleading and should be disregarded by this court – considering the facts and the entire sequence of events of the plaintiff's claims in this case.

Courts consider the "entire sequence of events underlying the claim" to determine where venue is appropriate. See Mitrano v. Hawes, 377 F.3d 402, 405 (4th Cir. 2004) (citation and quotation omitted). A court does not take all facts pled in the complaint as true, and is free to consider facts outside the pleadings. Sucampo Pharmaceuticals, Inc v. Astellas Pharma, Inc., 471 F.3d 544, 549-50 (4th Cir. 2006). **Once venue is challenged, the plaintiff bears the burden of showing that venue is proper**. Rice Contracting Corp. v. Callas Contractors, Inc., No. 1:08cv1163, 2009 U.S. Dist. LEXIS 3, 2009 WL 21597, at *1 (E.D. Va. Jan. 2, 2009). Plaintiff has failed to show that venue is proper in this forum. His complaint should be dismissed.

Venue is not proper in this case. Page 2, Paragraph 9 of the plaintiff's complaint is his sole and generic basis of venue in this forum. But that nonspecific and baseless allegation is insufficient as a matter of law. Defendant submits that venue in this forum is improper pursuant to Section 1391(b)(1), and venue cannot be based on a plaintiff's convenience, or that of its lawyers.

Furthermore, as with allegations respecting jurisdiction, the burden is on the plaintiff properly to plead, and on challenge to demonstrate, that venue in the District is

proper for this action. <u>Garg v. Winterthur</u>, 2007 WL 136263 (S.D.N.Y. 2007). But in this case, the plaintiff's complaint is bereft of any specific factual allegations demonstrating that venue is proper in this court. This action should therefore be dismissed. The plaintiff's generic assertion in his Rule 26(f) Conference Report that "personal jurisdiction and venue are proper since the Defendant resides and transacts business in Pennsylvania and resides within this judicial district" is meritless and cannot confer jurisdiction on this court or make this forum the proper venue.

    A plaintiff "must allege facts that establish that defendants `expressly aimed' their conducted at [the forum]." <u>Marten v. Godwin</u>, <u>499 F.3d 290</u>, 297 (3d Cir. 2007). But this factual allegation is completely lacking in the plaintiff's complaint.

To establish venue in a libel or slander action, as in this case, venue is determined by the focus of the alleged publication and/or the "effects test" of the publication of the matter in issue. For venue to be proper here, the plaintiff must therefore allege and/or demonstrate that defendant  "purposefully directed' [his] activities at residents of this forum and the litigation [must] result[] from alleged injuries that `arise out of or relate to' those activities. "<u>Burger King Corp</u>., 471 U.S. at 474; <u>Metcalfe</u>, 566 F.3d at 334. But none of these is present in the plaintiff's complaint. Plaintiff's complaint should therefore be dismissed.  The Third Circuit and this Court have consistently held venues to be improper and that defendants were not subject to specific personal jurisdiction in cases similar to this matter. *See, e.g.,* <u>Marks</u>, F. App'x at 370-71 (defamatory comments reported on Internet news sites not basis for specific personal jurisdiction).

The Supreme Court established the basis for specific personal jurisdiction, now known as the "effects test," in <u>Calder v. Jones</u>, 465 U.S. 783 (1984). See <u>IMO</u>

<u>Industries</u>, 155 F.3d at 261. The Third Circuit has interpreted the effects test as having three requirements:  First, the defendant committed an intentional tort. Second, the forum was the focal point of the harm suffered by the plaintiff as a result of that tort. Third, the forum was the focal point of the tortious activity in the sense that the tort was expressly aimed at the forum. Essential is a corollary finding that the defendant knew that the brunt of the injury caused by his tortious acts would be felt by the plaintiff in this forum. <u>IMO Industries</u>, 155 F.3d at 261; *see* <u>Marks v. Alfa Group</u>, 369 F. App'x 368, 370 (3d Cir. 2010). This is not the character of the plaintiff's complaint or the alleged facts in this case. This is therefore not the proper venue for this action.

It is submitted that "the mere posting of information or advertisements on an Internet website does not confer nationwide personal jurisdiction." <u>Remick v. Manfredy, 238 F.3d 248</u>, 259 n.2 (3d Cir. 2001).

Furthermore, plaintiff's complaint in this case lacks any allegation that Defendant's alleged defamatory publications were directed at this forum, or that it reached anyone in this forum, or had any effect in the forum beyond their alleged effect on the plaintiff in Nigeria, Africa. *See* <u>Remick</u>, 238 F.3d at 259 ("[I]t cannot be said that the defendants here expressly aimed their conduct at [the forum] so that [the forum] was the focal point of the tortious activity."). S*ee* <u>Marks</u>, 369 F. App'x at 370-71 (finding that a defamatory message is not a basis for specific personal jurisdiction in a forum absent an effort to distribute the message in the forum). Venue in this forum is therefore improper.

Plaintiff has also somehow alleged that Defendant should be subject to this Court's jurisdiction since he is profiting from advertising revenue generated through his publications which are viewable worldwide including . . . in the country of Nigeria,

however, the Supreme Court recently rejected this reasoning. <u>Bristol-Myers Squibb Co.</u>

<u>v. Super. Ct. of Cal., S.F. Cty</u>., 137 S.Ct. 1773, 1781 (2017). "What is needed . . . is a

connection between the forum and the specific claims at issue." *Id.* As Plaintiff has not

pled facts sufficiently connecting this forum and the specific claims at issue, the

plaintiff's complaint should be dismissed. This forum is not the proper venue for the case.

**C.**      **<u>Plaintiff's Claims should also be dismissed since this Court lacks Personal Jurisdiction Over the Defendant because there is no Connection Between this Forum and the Plaintiff's Specific Allegations and Claims in this Case, Defendant's residence in [general connections with] the forum is Not enough for this Court to Assume Jurisdiction in this case.</u>**

The Supreme Court has recently rejected this reasoning of placing personal

jurisdiction on the basis of defendant's connections with the forum, as the plaintiff is

erroneously doing in this case. See <u>Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S.F.</u>

<u>Cty</u>., <u>137 S.Ct. 1773</u>, 1781 (2017). "For specific jurisdiction, a defendant's general

connections with the forum are not enough." *Id.* "What is needed . . . is a connection

between the forum and the specific claims at issue." *Id.* In the present case, the plaintiff's

complaint alleges no connection between the forum and his specific claims in issue,

except the generic and vague allegation that "defendant resides in this forum." See page

2, paragraph 8 of plaintiff's complaint. This is not enough for personal jurisdiction in this

case. Personal jurisdiction is therefore not proper in this forum, warranting a dismissal.

The plaintiff bears "the burden of demonstrating facts that establish[] personal

jurisdiction." <u>Fatouros v. Lambrakis</u>, 627 F. App'x 84, 86-87 (3d Cir. 2015)

(citing <u>Metcalfe v. Renaissance Marine, Inc</u>., 566 F.3d 324, 330 (3d Cir. 2009)

(quoting <u>Pinker v. Roche Holdings</u>, Ltd., 292 F.3d 361, 368 (3d Cir. 2002)). But this

plaintiff has failed to do so in this case.

"[T]he mere posting of information or advertisements on an Internet website does not confer nationwide personal jurisdiction." Remick v. Manfredy, 238 F.3d 248, 259 n.2 (3d Cir. 2001). Plaintiff must allege that defendant  "purposefully directed' [his] activities at residents of this forum and the litigation [must] result[] from alleged injuries that `arise out of or relate to' those activities. "Burger King Corp., 471 U.S. at 474;  Metcalfe, 566 F.3d at 334. But this is completely lacking in the plaintiff's complaint. Dismissal is therefore mandated. Plaintiff "must allege facts that establish that defendants `expressly aimed' their conducted at [the forum]." Id. (citing Marten v. Godwin, 499 F.3d 290, 297 (3d Cir. 2007). But the plaintiff has failed to do so in this case.

The Third Circuit and the other Circuits have consistently held defendants were not subject to specific personal jurisdiction in cases similar to this matter presently before this Court. See, e.g., Marks, F. App'x at 370-71 (defamatory comments reported on Internet news sites not basis for specific personal jurisdiction); Remick, 238 F.3d at 259 (no specific personal jurisdiction where defendant sent a defamatory letter that was read in the forum by plaintiff's colleagues); Pool & Spa Enclosures, LLC v. Aqua Shield, Inc., No. 16-3418, 2016 WL 7325476, at *3 (D.N.J. Dec. 16, 2016) (allegedly misleading video posted on YouTube did not establish personal jurisdiction simply because it could be viewed in the forum); Machulsky v. Hall, 210 F.Supp. 531, 542 (D.N.J. 2002) (no specific personal jurisdiction where defendant posted defamatory comments on plaintiff's business's page on eBay.com).

In the present case, the plaintiff's Complaint lacks any allegation that defendant's alleged defamatory publications reached anyone in this forum or had any effect in this forum, beyond their alleged effects on the plaintiff in Nigeria. See Remick, 238 F.3d at

259 ("[I]t cannot be said that the defendants here expressly aimed their conduct at [the forum] so that [the forum] was the focal point of the tortious activity."). *See* Marks, 369 F. App'x at 370-71 (finding that a defamatory message is not a basis for specific personal jurisdiction in a forum absent an effort to distribute the message in the forum). There is no personal jurisdiction in this forum. Venue is also improper. Plaintiff's complaint should therefore be dismissed.

Defendant submits that the "effects test" formulated by the U.S. Supreme Court in Calder v. Jones, 465 U.S. 783 (1984), should also apply for personal jurisdiction herein. But the plaintiff's complaint is bereft of any allegation of any effects that the alleged publications had in this forum or were made in this forum. This forum therefore has no specific connection with plaintiff's specific claims.

The Third Circuit has noted that the effects test "can only be satisfied if the plaintiff can point to contacts which demonstrate that the defendant expressly aimed its tortious conduct at the forum, and thereby made the forum the focal point of the tortious activity." IMO Industries, Inc. v. Kiekert AG, 155 F.3d 254, 265 (3d Cir. 1998); see Marks v. Alfa Group, 369 F. App'x 368, 370 (3d Cir. 2010). Stated another way by the Third Circuit, "the effects test asks whether the plaintiff felt the brunt of the harm in the forum state, but it also asks whether defendants knew that the plaintiff would suffer the harm there and whether they aimed their tortious conduct at that [forum] state." Marten v. Godwin, 499 F.3d 290, 299 (3d Cir. 2007) (emphasis in original). However, none of these is alleged in the plaintiff's complaint. Personal jurisdiction is therefore lacking in this forum. Plaintiff's complaint should be dismissed.

**D.**          <u>**Plaintiff's Complaint and Claims Should be dismissed**</u>
                    <u>**Based on Forum Non conveniens**</u>

The plaintiff's present case should also be dismissed based on forum non conveniens, because this suit should be instituted and tried in Nigeria, Africa, where the Alien plaintiff pled and admitted that he lives; where the alleged causes of action arose; where he allegedly suffered his injuries; and the place where the prospective witnesses are. Plaintiff is also a citizen of Nigeria, and he has no connection with this forum.

In <u>Goldstein v. Hard Rock Café International (USA)</u> 2012 WL 13035390 (U.S.D.C., M.D., Florida), David and Marion Goldstein filed suit in the Middle District of Florida against Hard Rock Cafe International (USA), Inc. and other defendants based on injuries they sustained as a result of slip and-fall in the Dominican Republic. The district court granted the defendants' motion to dismiss based on forum non conveniens for a trial in the Dominican Republic, and the 11th Circuit Court of Appeals affirmed. This court is asked to do the same in this case.

Defendant submits that this case should be dismissed based on the inconvenience of the forum, because (1) an adequate alternative forum, Nigeria, is available, (2) the public and private factors weigh in favor of dismissal, and (3) the plaintiff can litigate his suit in the alternative forum, Nigeria, without undue inconvenience or prejudice." <u>Leon v. Millon Air, Inc</u>., 251 F.3d 1305, 1311 (11th Cir. 2001).

In the present case, the cause of action arose in Nigeria, where the plaintiff resides, where he allegedly suffered his injuries, and it is in Nigeria that the alleged witnesses are. Available record therefore supports the conclusion that the private factors strongly support dismissal. Relevant private factors include the "relative ease of access to

sources of proof; availability of compulsory process for attendance of unwilling, and the

cost of obtaining attendance of willing, witnesses; . . . and all other practical problems

that make trial of a case easy, expeditious and inexpensive." <u>Piper Aircraft Co</u>., 454 U.S.

at 241 n.6 (internal quotation marks omitted). Potential witnesses are in Nigeria where

the alleged injury occurred, and "the balance of the private interest factors . . . outweighs

the presumption for the Plaintiffs' choice of forum."

Secondly, the record also supports the conclusion that the public factors weigh in

favor of dismissal. Relevant public factors include "the local interest in having localized

controversies decided at home; the interest in having the trial of a diversity case in a

forum that is at home with the law that must govern the action; the avoidance of

unnecessary problems in conflict of laws, or in the application of foreign law; and the

unfairness of burdening citizens in an unrelated forum with jury duty." <u>Piper Aircraft Co</u>.

Presently, plaintiff has requested for the application of Nigerian laws to this case.

However, this district court is not "at home" with Nigerian law, nor would a jury be

familiar with applying this foreign Nigerian law. And because the alleged injuries and

sufferings alleged in plaintiff's complaint allegedly happened in Nigeria, Africa, it is

obvious that the Federal Republic of Nigeria has significant interest in deciding a

controversy of this nature that has arisen from alleged occurrences on its own soil.  at 241

n.6 (internal quotation marks omitted). The plaintiff can therefore litigate his suit in the

alternative forum, the Federal Republic of Nigeria, Africa, without undue inconvenience

or prejudice. This case should therefore be dismissed based on forum non conveniens.

E.   <u>**Plaintiff's Complaint has not Stated any Claim upon which this Court may**</u>
     <u>**Grant Relief. It Should therefore be Dismissed pursuant to Rule 12(b)(6).**</u>

The plaintiff's complaint should also be dismissed for failing to state any claim

upon which this court may grant any relief. Primarily, this court lacks extraterritorial jurisdiction over the claims, and therefore cannot grant any relief to the plaintiff.

Furthermore, the plaintiff's complaint contains no factual reference at all to the Alien Tort Statute (ATS), 28 U. S. C. §1350, upon which the plaintiff's claims should rest. Plaintiff is an alien, a foreigner, a resident and a citizen of Nigeria, Africa; plaintiff's cause of action is tortious and it allegedly occurred in Nigeria; none of plaintiff's claims arose in this forum and none affects this forum; and plaintiff suffered no effect in this forum. This court can therefore grant no relief to the plaintiff.

In considering a motion to dismiss pursuant to Rule 12(b)(6), the district court should "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). In the present case, it is certain that the plaintiff is not entitled to any relief, under any reasonable reading of his complaint.

Plaintiff's complaint is deficient, and should be dismissed. Among the several deficiencies include: the absence of any allegation that defendant aimed the publication of the alleged internet libel/defamation at this forum; absence of any allegation that this forum is the focus of the alleged publication, or that the alleged publication had any effects in this forum. The absence of these is very fatal to the plaintiff's claims, and therefore, this court cannot grant any relief thereto, Rule 12(b)(6).

The Third Circuit has noted that the effects test "can only be satisfied if the plaintiff can point to contacts which demonstrate that the defendant expressly aimed its tortious conduct at the forum, and thereby made the forum the focal point of the tortious

22

activity." <u>IMO Industries, Inc. v. Kiekert AG</u>, 155 F.3d 254, 265 (3d Cir. 1998); see

<u>Marks v. Alfa Group,</u> 369 F. App'x 368, 370 (3d Cir. 2010). By the Third Circuit, "the

effects test asks whether the plaintiff felt the brunt of the harm in the forum state, but it

also asks whether defendants knew that the plaintiff would suffer the harm there and

whether they aimed their tortious conduct at that [forum] state." <u>Marten v. Godwin</u>, 499

F.3d 290, 299 (3d Cir. 2007) (emphasis in original). Since these are not alleged in the

complaint, there is no reasonable reading of the complaint that may grant any relief to the

plaintiff. Plaintiff's complaint should therefore be dismissed under Rule 12(b)(6).

     The plaintiff's factual allegations in the complaint are also contradictory and

speculative. The literal meaning of the substance of plaintiff's complaint are the

implausible allegations of "I [plaintiff] have been defamed and should be compensated;"

followed by the contradictory and speculative allegations from "all, or nearly all, of

defendant's readers are in Nigeria," and the bogus assertion that "the articles posted on

the Website are exclusively about Nigeria;" to the contradiction that the publications

cater for "the social and economic problems facing Nigeria and Africa at large." See p. 3,

line 8 and p. 4, line 21of the complaint, Dkt. #3. With all these speculations,

contradictions and implausible allegations, it is certain that this court will not accept the

allegations as true and will therefore not grant any relief to the plaintiff's claims because

there is no reasonable inference that defendant is liable because plaintiff's factual

allegations have no facial plausibility.  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S. Ct.

1937, 173 L. Ed. 2d 868 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570,

127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." In this case, plaintiff's allegations lack facial plausibility, and should be dismissed.

Additionally, plaintiff's factual allegations are generic and lacking in specificity. The do not give the required notice to the defendant. They contradict the Federal Civil Procedure Rule 8(a), that a "pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). While a plaintiff is not required to plead its claims with intricate detail, Rule 8 and <u>Twombly</u> require plaintiff to provide "some specificity." See, e.g., <u>Twombly</u>, 550 U.S. at 558 (insisting "upon some specificity in pleading before allowing a potentially massive factual controversy to proceed" to an "inevitably costly and protracted discovery phase"). Generic pleading …. is insufficient. <u>Best Med. Int'l, Inc. v. Accuray, Inc.</u>, No. 2:10- CV-1043, 2011 WL 860423, at *6 (W.D. Pa. Mar. 9, 2011) (citing <u>Menkowitz v. Pottstown Memorial Medical Center</u>, 1999 WL 410362 *3 (E.D.Pa.1999) (granting motion to dismiss claims based on general allegations against a group of individuals). Among other deficiencies, plaintiff failed to allege where the alleged website publications were made; the connection between the alleged publications and this forum; why this forum is the proper venue; and why this court should impermissibly exercise extraterritorial jurisdiction in this matter over causes of action that allegedly occurred in Nigeria, Africa. The complaint should therefore be dismissed.

## <u>CONCLUSION</u>

Based on the facts and arguments articulated herein, defendant asks this court to grant this motion and dismiss the plaintiff's complaint. Defendant also asks the court to award him the costs and attorneys' fees incurred in this case.

Respectfully by the Defendant,

/s/ Benneth O. Amadi
Benneth O. Amadi, Esquire
204 Blossom St. Ext., Suite A
Lynn, MA 01901
bamadilaw@verizon.net
Tel: (781) 581-5144
Fax: (781) 581-5145

8/27/2021.

## CERTIFICATE OF NON-CONCURRENCE.

I hereby confirm that prior to filing this Motion, I contacted David D. Lin, the plaintiff's/counterclaim defendant's counsel, by email requesting his concurrence in the relief sought. Mr. Lin did not concur.

/s/ Benneth O. Amadi
Benneth O. Amadi, Esquire

## CERTIFICATE OF SERVICE

This document has been served on the counsel for the plaintiff, simultaneously and at the same time of its electronic filing with this Court, this 27th day of August, 2021.

/s/ Benneth O. Amadi
Benneth O. Amadi, Esquire