UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

SIMBI KESIYI WABOTE,                          :
                          Plaintiff,          :
                                              :
              v.                              :          No. 5:21-cv-2214
                                              :
JACKSON UDE,                                  :
                          Defendant.          :

_____

**O R D E R**

**AND NOW**, this 5th day of January 2022, upon consideration of the Plaintiff's motion to dismiss Defendant's Amended Counterclaims and Affirmative Defenses in this action, *see* ECF No. 62, the Defendant's response, *see* ECF No. 67, and the reasons given in the Court's October 21, 2021, Opinion, *see* ECF No. 45,[1]  **IT IS HEREBY ORDERED THAT**:

1.    The Plaintiff's motion to dismiss, ECF No. 62, is **GRANTED.**

2.    Defendant's amended counterclaims are **dismissed with prejudice**.[2]

3.    Defendant's **amended affirmative defenses are stricken** as outlined in the Court's October 21, 2021, Opinion.[3] *See* ECF No. 45.

---

[1]    In the Court's October 21, 2021, Opinion, the Court dismissed Defendant's counterclaims without prejudice for failure to state a claim upon which relief can be granted. *See* ECF No. 45. Defendant's amended counterclaims are little more than a copy and paste of his dismissed counterclaims. Defendant simply dresses the amended counterclaims with the necessary elements, but "a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 545 (2007). At their core, Defendant's amended counterclaims still suffer from the same deficiencies as his original counterclaims. For that reason, there is no need to further analyze the amended counterclaims with another lengthy opinion; the Court hereby incorporates its October 21, 2021, Opinion as its reasoning for dismissing Defendant's amended counterclaims.

[2]    The Court dismisses Defendant's amended counterclaims with prejudice because he had an opportunity to cure his counterclaims' deficiencies but did not. Any additional amendments would therefore be futile. *See Boyd v. New Jersey Dept. of Corrections*, 583 Fed. Appx. 30, 32 (3d Cir. 2014).

[3]    In the Court's October 21, 2021, Opinion, the Court struck several of Defendant's affirmative defenses. *See* ECF No. 45. Even though the Court did not grant Defendant leave to amend his stricken affirmative defenses, he relisted them in his Amended Counterclaims and Affirmative Defenses. *See* ECF No. 56. Since the affirmative defenses listed in the Amended

BY THE COURT:


/s/ Joseph F. Leeson, Jr._____
JOSEPH F. LEESON, JR.
United States District Judge

---

Counterclaims and Affirmative Defenses are verbatim to those that were stricken, the Court hereby incorporates its October 21, 2021, Opinion as its reasoning for striking Defendant's amended affirmative defenses.