UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SIMBI KESIYI WABOTE,<br>    Plaintiff, | : <br> : <br> : | |
| v. | : <br> : | No. 5:21-cv-2214 |
| JACKSON UDE,<br>    Defendant. | : <br> : <br> : | |

### O R D E R

**AND NOW**, this 20th day of January 2022, upon consideration of Plaintiff's letter-brief, *see* ECF No. 88, Defendant's response letter-briefs, *see* ECF No's. 93 and 95, and after a telephone conference held on January 19, 2022,[1] during which both parties' presented argument, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff's letter-request, ECF No. 88, is **GRANTED in part and DENIED in part as follows**:

    a. Within 20 days of this order, Defendant must sit for an additional deposition of no more than three hours.

        i. Defendant Ude is directed to answer all questions at this deposition unless specifically told not to by his counsel [2] due solely to objection as to the

---

[1] Attorney Michael D. Cilento, Esq. participated on behalf of Plaintiff, and attorney Benneth Onyema Amadi participated on behalf of Defendant.

[2] Defendant's objections raised under the Pennsylvania Shield Law, which protects the disclosure of confidential sources of information, are sustained in part and overruled in part. *See* 42 Pa. Stat. § 5942. Defendant makes the novel argument that the Shield Law protects the identity of persons who worked on the alleged defamatory article because they are also "sources." However, under Defendant's interpretation of the statute, every "malicious or negligent defamer would have carte blanche to withhold from judicial scrutiny" the identity of any person who contributed to a defamatory story so long as they were also considered a "source." *See Hatchard v. Westinghouse Broad. Co.*, 516 Pa. 184, 194 (Pa. 1987). The Court rejects this interpretation because it would "make it close to impossible for individuals to seek redress against the media for maliciously or negligently publishing false statements that seriously damage the reputations of individuals." *Id.* at 192.

If any reporters/editors are also sources of information for the article in this case, the Shield Law protects that fact from disclosure. Defendant does not need to link which portions of

      form of the question (during the previous deposition of Jackson Ude held on December 21, 2021, all parties stipulated at page 3 of the deposition transcript that "all objections except as to form, are reserved to the time of trial").

   ii. Defendant's counsel is prohibited from making any speaking objections at this deposition, and Defendant's counsel is prohibited from coaching the Defendant during the deposition.

b. All other requests in Plaintiff's letter, ECF No. 88, are **denied**.

                         BY THE COURT:

                         */s/ Joseph F. Leeson, Jr.*
                         JOSEPH F. LEESON, JR.
                         United States District Judge

---

the article were sourced from reporters/editors. Defendant does not even need to identify whether any portions of the article were sourced from reporters/editors. However, the Shield Law does not protect the identity of persons who contributed to or worked on the article and the identity of such persons may not be withheld from disclosure.