UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| SIMBI KESIYI WABOTE,  Plaintiff, | : : : | |
| v. | : : | No. 5:21-cv-2214 |
| JACKSON UDE,  Defendant. | : : : | |

_____

## MEMORANDUM OPINION

Simbi Wabote filed a complaint against Jackson Ude in this Court, bringing a defamation claim. Ever since then, litigation between the parties has been vehement.

Before the Court now is another motion for sanctions by Ude. *See* Mot., ECF No. 113. In this newest Motion, Ude asks the Court to dismiss Wabote's Complaint, a request that has been made previously. Lastly, Ude asks this Court to hold an evidentiary hearing on his Motion.

For the reasons stated below, the Court denies each of Ude's requests.

1. **Request for Sanctions**

Ude asks this Court to sanction Wabote and his counsel for two reasons. [1]

First, Ude argues that Wabote should be sanctioned "based on his frauds on the Court." *See* Mot. 8. Specifically, Ude alleges that Wabote lied during his deposition and in discovery

---

[1] In reality, Ude argues that Wabote should be sanctioned for six or more reasons. For example, Ude also alleges that Wabote "obstructed responses to" Ude's subpoenas. *Id*. 9. However, the Court directed Ude to address this matter in a separately filed motion and legal memorandum. *See* ECF No. 119. The Court will therefore not address that matter in this Memorandum Opinion.
Ude's other allegations of Wabote's supposed fraud on the Court are conclusory, are not supported by evidence, and do not therefore merit a detailed analysis in this Memorandum Opinion.

1

requests when asked about certain bank accounts in his name. *See id.* 8. However, the Court has already addressed this issue.

Ude raised this same concern in a letter to the Court several months ago. *See* ECF No. 91. The Court held a hearing on the matter, during which both sides presented argument. *See* ECF No. 96. After considering the merits of the arguments from both sides, the Court determined that Wabote had not committed fraud on the Court and denied Ude's requests for sanctions. *See* ECF No. 97. Ude then asked the Court to reconsider its decision. *See* ECF No. 99. The Court declined to do so. *See* ECF No. 100. Since the Court has already dealt with this matter in great detail, it declines to address it further, and it advises Ude not to raise the matter again without good reason.

Second, Ude alleges that Wabote attempted to bribe a potential witness in this case and should therefore be sanctioned. *See* Mot. 8. To support this allegation, Ude attaches a supposed "press release." *See id.*, Ex. B. However, the press release is nothing more than hearsay. Moreover, Wabote provides convincing evidence in his response that the witness at issue attempted to extort him, which is contrary to Ude's allegations. *See* ECF No. 120-5. Ude has therefore not carried his burden of proof or persuasion that Wabote engaged in any conduct that is sanctionable.

2. **Request to Dismiss**

Ude next contends that this Court should dismiss this case because Wabote filed a similar complaint against Ude in a Nigerian court. He argues that this case should therefore be dismissed under the "first-filed rule."

"The first-filed rule is designed to promote sound judicial administration and comity among federal courts of equal rank." *Zokaites v. Land-Cellular Corp.*, 424 F. Supp. 2d 824, 838

(W.D. Pa. 2006). "The doctrine is applicable where the parties have instituted competing or parallel litigation in separate federal courts." *Id.* The rule is not applicable, however, when there is a competing or parallel case that has been filed abroad. *Compagnie des Bauxites de Guinea v. Ins. Co. of N. Am.*, 651 F.2d 877, 887 n. 10 (3d Cir. 1981).

Here, the alleged parallel litigation is in Nigeria, not another federal court of equal rank with this Court. As a result, the first-filed rule does not apply to this case. Moreover, this Court has already explained at length why it chooses to exercise jurisdiction in this case despite possible litigation that is ongoing in Nigeria. *See* ECF No. 45.

### 3. Request for Evidentiary Hearing

Finally, Ude asks that the Court to hold an evidentiary hearing on his Motion.

The Court has wide discretion in determining whether an evidentiary hearing is needed. *See Lewis v. Smith*, 480 F. App'x 696, 700 (3d Cir. 2012). Normally, evidentiary hearings for sanction requests are unnecessary unless the party seeking sanctions explains why one would be needed. *See Haviland v. Specter*, 561 F. App'x 146, 149–50 (3d Cir. 2014). Therefore, the Court may dispose of the Motion without an evidentiary hearing if one is not needed in order to prevent "unnecessary expenditure of judicial time." *Jones v. Pittsburgh Nat. Corp.*, 899 F.2d 1350, 1359 (3d Cir. 1990).

Here, Ude has not persuaded the Court why an evidentiary hearing would be needed for the matters raised in his Motion. He does not explain what evidence would be presented if an evidentiary hearing were held. Nor does he state what testimony would be given that hasn't already been stated in the parties' briefs. In sum, Ude offers no argument as to how an evidentiary hearing would be beneficial in any way.

**O R D E R**

**AND NOW**, this 15th day of April, 2022, upon consideration of Defendant's motion, Plaintiff's response, Defendant's reply, for the reasons stated in Plaintiff's response, *see* ECF No. 120, and for the reasons given in this Memorandum Opinion, **IT IS ORDERED THAT** Defendant's motion, ECF No. 113, is **DENIED**.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge