## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement"), effective as of the day upon which all parties to this Agreement have fully and finally executed this Agreement (the "Effective Date"), is made by and between Simbi Kesiyi Wabote ("Wabote") and Jackson Ude ("Ude"). Wabote and Ude are collectively referred to as the "Parties" and each individually as a "Party" in this Agreement.

**WHEREAS**, Wabote filed Case No. 5:21-cv-02214-JFL, *Simbi Kesiyi Wabote v. Jackson Ude* (the "Lawsuit"), in the United States District Court for the Eastern District of Pennsylvania (the "Court") alleging that Ude committed several acts of defamation against Wabote;

**WHEREAS**, Ude denies Wabote's allegations and expressly denies any liability;

**WHEREAS**, to avoid continued litigation, the Parties desire and do enter into this Agreement;

**NOW, THEREFORE**, in consideration of the promises and obligations hereto and other good and valuable consideration, the adequacy, sufficiency, and receipt of which is hereby conclusively acknowledged, the Parties agree as follows:

### SPECIFIC PROVISIONS

1. Ude represents and warrants that his employer, Point Blank News, will cooperate with him and work with him for the good faith and amicable resolution of this matter. Ude further represents and warrants that he does not own Point Blank News and that Point Blank News is his employer.

2. Ude will reasonably and in good faith take down, delete, and destroy all articles and publications that allege any criminal or other misconduct by Wabote appearing on the Point Blank News website and from Ude's social media accounts, especially, those publications in issue in this case. Thereafter, if Wabote reasonably discovers any article or publication violative of this agreement still existing, Wabote will inform Ude first and give Ude reasonable notice to delete, before such may be deemed a breach.

3. Neither Ude nor Wabote will (directly or indirectly) engage in any act either to harass or spread false information against each other or each other's family.

4. Neither Ude nor Wabote will (directly or indirectly) publish any false or defamatory information about each other or each other's family, with liquidated damages of $25,000 per any such publication and attorneys' fees to the winner of any litigation therefrom. In such a litigation, the Plaintiff is a winner if he wins, and the Defendant is a winner if the Plaintiff losses or if the case is dismissed (unless the case is dismissed on stipulation or consent of both parties).

5. Within (7) days from the Effective Date, Wabote and Ude will execute and file with the Court the necessary stipulation to dismiss the Lawsuit, in the form of Annex A hereto.

6. Within (7) days from the Effective Date, Ude will send Wabote (through the parties' attorneys), and publish only once on the Point Blank News website (which shall be remain viewable from the homepage for seven days), a signed and dated certification, in the form of Annex B hereto.

7. No amount of money will exchange hands between the Parties as part of this resolution and Agreement.

## GENERAL PROVISIONS:

8. **Joint Drafting and Advice of Counsel.** The Parties acknowledge that they have been given the opportunity to seek the advice of independent counsel, and that they are executing this Agreement voluntarily after consultation with independent counsel. Accordingly, the normal rule of construction to the effect that any ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of this Agreement.

9. **Governing Law.** This Agreement and all disputes, claims, actions, suits or other proceedings arising hereunder or relating hereto (collectively "Disputes") will be governed by, and construed in accordance with, the internal laws of the State of Pennsylvania. The Parties agree that all Disputes will be brought exclusively in the U.S. Federal District Court for the Eastern District of Pennsylvania and irrevocably submits to the sole and exclusive jurisdiction of such court.

10. **Further Documentation.** The Parties hereto shall execute any further documents reasonably necessary to effectuate the terms of this Agreement, including Annex A and Annex B hereto.

11. **Entire Agreement.** This Agreement contains the entire agreement and understanding between the Parties with respect to the subject matter hereof and supersedes any previous or contemporaneous agreement and understanding, whether written or oral, between the Parties regarding such subject matter. The Parties acknowledge that no other Party nor any agent or attorney for any other Party has made any promise, representation, or warranty whatsoever, express or implied, written or oral, not contained herein, concerning the subject matter hereof to induce the execution of this Agreement, and each of the Parties acknowledges that it has not executed this Agreement in reliance on any promise, representation, or warranty not contained herein.

12. **Execution.** This Agreement may be executed by email or facsimile transmission and simultaneously in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Facsimile, e-mailed, and other electronic signatures are deemed the equivalent of original signatures.

13. **Amendments and Waiver.** No amendment, alteration, modification, or waiver of any term or provision of this Agreement, nor consent to any non-performance by either party, shall be effective unless the same shall be in writing and signed by both Parties. Conduct that is arguably

or actually inconsistent with rights granted under this Agreement shall not constitute a waiver unless an intent to waive rights under this Agreement is clearly expressed in writing as required by this Section. The waiver of any term or condition contained in this Agreement shall not be construed as a waiver of any other term or condition contained in this Agreement.

14. **Severability.** In the event that any one or more of the provisions of this Agreement is held by a court of competent jurisdiction to be invalid, illegal or unenforceable, the validity, legality, and enforceability of the remaining provisions will not in any way be affected or impaired thereby.

15. **Notices and Correspondence.** Any notice or correspondence appropriate or required to be given hereunder shall be by email or certified mail, or, in the alternative, at the option of the sender, by messenger, and shall be to the following addresses, or such other address as is subsequently noticed in writing to all Parties:

> For Wabote:
>
> Michael D. Cilento, Esq.
> Lewis & Lin LLC
> 77 Sands Street, 6th Floor
> Brooklyn, NY 11201
> michael@iLawco.com
>
> For Ude:
>
> Benneth O. Amadi, Esq.
> 204 Blossom St. Ext., Suite A
> Lynn, MA 01901
> bamadilaw@gmail.com

IN WITNESS WHEREOF, the Parties have duly executed this SETTLEMENT AGREEMENT with full authority to do so as of the day and year written below.

| SIMBI KESIYI WABOTE | JACKSON UDE |
|---|---|
| Signed: _____ | Signed: _(signature)_ |
| Dated: _____ | Dated: 06/15/22 |

or actually inconsistent with rights granted under this Agreement shall not constitute a waiver unless an intent to waive rights under this Agreement is clearly expressed in writing as required by this Section. The waiver of any term or condition contained in this Agreement shall not be construed as a waiver of any other term or condition contained in this Agreement.

14. **Severability.** In the event that any one or more of the provisions of this Agreement is held by a court of competent jurisdiction to be invalid, illegal or unenforceable, the validity, legality, and enforceability of the remaining provisions will not in any way be affected or impaired thereby.

15. **Notices and Correspondence.** Any notice or correspondence appropriate or required to be given hereunder shall be by email or certified mail, or, in the alternative, at the option of the sender, by messenger, and shall be to the following addresses, or such other address as is subsequently noticed in writing to all Parties:

> For Wabote:
>
> Michael D. Cilento, Esq.
> Lewis & Lin LLC
> 77 Sands Street, 6th Floor
> Brooklyn, NY 11201
> michael@iLawco.com
>
> For Ude:
>
> Benneth O. Amadi, Esq.
> 204 Blossom St. Ext., Suite A
> Lynn, MA 01901
> bamadilaw@gmail.com

IN WITNESS WHEREOF, the Parties have duly executed this SETTLEMENT AGREEMENT with full authority to do so as of the day and year written below.

| SIMBI KESIYI WABOTE | JACKSON UDE |
|---|---|
| Signed: *[signature]* | Signed: _____ |
| Dated: 15/6/2022 | Dated: _____ |

**Annex A**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SIMBI KESIYI WABOTE,<br><br>    *Plaintiff,*<br><br>v.<br><br>JACKSON UDE,<br><br>    *Defendant.* | Civil Action No.: 5:21-cv-02214-JFL<br><br>**STIPULATION AND ORDER OF VOLUNTARY DISMISSAL** |

IT IS HEREBY STIPULATED AND AGREED, by and between the parties through their respective counsels, that the above-captioned action is voluntarily dismissed with prejudice against Defendant Jackson Ude pursuant to the Federal Rules of Civil Procedures 41(a)(1)(A)(ii).

Dated: June 15, 2022

_____  
Michael D. Cilento (pro hac vice)  
Lewis & Lin LLC  
77 Sands Street, 6th Floor  
Brooklyn, NY 11201  
michael@iLawco.com  
Tel: (718) 243-9323  
Fac: (718) 243-9326

*Attorneys for Plaintiff*  
*Simbi Kesiyi Wabote*

_____ 6/15/2022  
Benneth O. Amadi, Esquire (pro hac vice)  
204 Blossom St. Ext. Suite A  
Lynn, MA 01901  
bamadilaw@gmail.com  
Tel: (781) 581-5144  
Fax: (781) 581-5145

*Attorneys for Defendant*  
*Jackson Ude*

IT IS SO ORDERED on this **16** day of **June**, 2022.

By: _____  
    Hon. Joseph F. Leeson, Jr.  
    United States District Judge

### Annex B

Jackson Ude hereby certifies the following:

1. Point Blank News has taken down, deleted, and destroyed all articles and publications appearing on the Point Blank News website, and Jackson Ude has taken down and deleted all articles and publications appearing on Jackson Ude's social media accounts, that allege any criminal conduct and/or any other misconduct of any kind by Simbi Wabote.

2. In the good faith resolution of the case brought by Simbi Wabote against Jackson Ude in the U.S. Federal District Court, Eastern District of Pennsylvania, and without prejudice to his ability to assert his defenses in any other case, Jackson Ude is no longer alleging that there exists any evidence of any criminal conduct and/or any other misconduct of any kind against Simbi Wabote.

3. As part of the resolution of this matter, and following this certification, Simbi Wabote has agreed to withdraw and end his lawsuit alleging defamation against Jackson Ude currently pending in the U.S. Federal District Court, Eastern District of Pennsylvania, *Wabote v. Ude*, 5:21-cv-02214-JFL.

4. No amount of money has exchanged hands in the resolution of this matter.

Dated:

_____
Jackson Ude